UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY GRILLS<br>6724 Avon Lake Road<br>Medina, Ohio 44256<br><br>Plaintiff,<br><br>vs.<br><br>HEWLETT-PACKARD COMPANY<br><br>Serve Statutory Agent:<br><br>  C T Corporation System<br>  1300 E Ninth St.<br>  Cleveland, Ohio 44114<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff, Timothy Grills, by and through counsel, and for a Complaint against Defendant Hewlett-Packard Company ("HP"), states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this lawsuit as a result of Defendant's failure to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for all of the hours he worked over 40 in a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.

3. Venue lies in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Medina County, Ohio, within this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Medina County, Ohio

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At all times relevant herein, Plaintiff worked from his home in Medina County.

7. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS
### (Failure to Pay Overtime Compensation)

11. Plaintiff has been employed by Defendant for approximately 32 years, his most recent and current position being a Technical Consultant III.

12. During Plaintiff's employment with Defendant as a Technical Consultant III, Defendant paid him a salary wage, and classified him as "exempt" from the FLSA's overtime requirements.

13. As a Technical Consultant III, Plaintiff did not have authority to hire, fire, or promote employees.

14. As a Technical Consultant III, Plaintiff's primary duty was not engaging in management.

15. As a Technical Consultant III, Plaintiff's primary duty was not acting as a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker in the computer field.

16. As a Technical Consultant III, Plaintiff worked over 40 hours per week, but Defendant failed to pay Plaintiff overtime compensation for the hours he worked over 40 in a workweek.

17. Defendant knowingly and willfully failed to pay Plaintiff overtime compensation for the hours he worked over 40 in a workweek.

## COUNT ONE
### (Fair Labor Standards Act Violations)

18. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

19. Defendant's failure to pay Plaintiff overtime compensation at a rate of one and one-half times his regular rate of pay for all of the hours he worked over 40 in a workweek violated the FLSA, 29 U.S.C. §§ 201-219.

20. By engaging in the above-mentioned activities, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

21. As a result of Defendant's practices and policies, Plaintiff has been damaged in that he has not received overtime due to him pursuant to the FLSA.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A.     Award Plaintiff actual damages for unpaid overtime compensation;

B.     Award Plaintiff liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff under the FLSA;

C.     Award Plaintiff pre- and post-judgment interest at the statutory rate;

D.     Award Plaintiff attorneys' fees, costs, and disbursements; and

E.     Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Anthony J. Lazzaro
Anthony J. Lazzaro (0077962)
David J. Steiner (0075217)
Sonia Gassan (0088684)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
david @lazzarolawfirm.com
sonia@lazzarolawfirm.com
Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Anthony J. Lazzaro
Attorney for Plaintiff

4